ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 1 2014

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

TURBIN CHU HEIDT, A Law Corporation

Richard Turbin          (1044)
Rai Saint Chu           (1133)
Janice D. Heidt         (8984)
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2730
Honolulu, Hawaii 96813
Telephone: 808-528-4000
Facsimile: 808-599-1984
Email:      richturbin@turbin.net
            jheidt@turbin.net
            raisaintchu@turbin.net

Attorneys for Plaintiffs
ELEANOR M. TAHMOURESIE and
ALI TAHMOURESIE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

CV 14-00357 JMS RLP

| | |
|---|---|
| ELEANOR M. TAHMOURESIE and ALI TAHMOURESIE, | ) CIVIL NO. _____ ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **COMPLAINT; DEMAND FOR** ) **JURY TRIAL; and SUMMONS** ) |
| HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA; KAWAILOA DEVELOPMENT LLP; and DOE DEFENDANTS 1-20, | ) ) ) ) ) |
| Defendants | ) ) |

## COMPLAINT

Plaintiffs ELEANOR M. TAHMOURESIE and ALI TAHMOURESIE, by and through their attorneys, TURBIN CHU HEIDT, hereby allege and aver the following claims against Defendants HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA, KAWAILOA DEVELOPMENT LLP and DOE DEFENDANTS 1-20:

## NATURE OF THE CASE

1.      This is an action to recover damages sustained and suffered by Plaintiffs, ELEANOR M. TAHMOURESIE and ALI TAHMOURESIE due to a trip and fall, on or about August 16, 2012, at the Grand Hyatt Kauai Resort & Spa, on the Island on Kauai, State of Hawaii, as a result of the negligent and reckless actions and/or omissions of the Defendant HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA and Defendant KAWAILOA DEVELOPMENT LLP.

## JURISDICTION AND VENUE

2.      This court has jurisdiction of the claims herein alleged pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

2

3.     Venue is proper in this Court because the unlawful acts alleged herein were committed within the District of Hawaii, State of Hawaii.

## PARTIES

4.     At all times material to this Complaint, Plaintiffs ELEANOR M. TAHMOURESIE and ALI TAHMOURESIE were and still are legally married and reside in the State of California.

5.     At all times material to this Complaint, the Defendant HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA (hereinafter "HYATT") was a foreign profit corporation incorporated under the laws of the State of Delaware, with its principle place of business in Chicago, Illinois, and authorized to do business in the State of Hawaii.

6.     At all times material to this Complaint, the Defendant KAWAILOA DEVELOPMENT LLP (hereinafter "KAWAILOA") was a general domestic partnership organized under the laws of the State of Hawaii, with its principle place of business in the State of Hawaii, and authorized to do business in the State of Hawaii.

7.     Prior to filing this Complaint, Plaintiffs and/or their counsel made a diligent search in order to ascertain the existence, full names, and identities of all

persons or entities that may be legally responsible for the Plaintiffs' injuries and damages but have no knowledge or information regarding the Defendants in this action designated as Doe Defendants 1 - 20.  Said Defendants are persons, corporations, partnerships, governmental bodies, political subdivisions and/or their agents, and/or other entities of whatever kind, and are sued herein under these fictitious names as their true names and identities are unknown to the Plaintiffs, except that they may be connected in some manner with the named Defendant or may be connected to agents, servants, employees, employers, representatives, joint venturers, associates and/or independent contractors of the named Defendant or are independent of the named Defendant and were engaged in activities or negligent conduct alleged herein or in some other manner unknown to Plaintiffs.  At such time as the actual identities of Doe Defendants 1 - 20 become known to Plaintiffs, they will seek leave to certify them as a Doe Defendant or Doe Defendants and to file a first amended complaint.

## FACTUAL ALLEGATIONS

8.     At all times material to this Complaint, Defendant KAWAILOA owned, leased and/or managed the property located at 1571 Poipu Road, Kauai, Hawaii, known as Grand Hyatt Kauai Resort & Spa, where the incident which is

the subject matter of this lawsuit occurred.

9.     At all times material to this Complaint, Defendant HYATT franchised, leased, managed, controlled, marketed and/or operated the resort known as Grand Hyatt Kauai Resort & Spa located at 1571 Poipu Road, Kauai, Hawaii, where the incident which is the subject matter of this lawsuit occurred.

10.     The events giving rise to this Complaint occurred on August 16, 2012. Plaintiff ELEANOR M. TAHMOURESIE along with her husband Plaintiff ALI TAHMOURESIE were on vacation and renting a room at the Grand Hyatt Kauai Resort & Spa, located at 1571 Poipu Road, Koloa, Island of Kauai, State of Hawaii.

11.     On August 16, 2012 Plaintiff ELEANOR M. TAHMOURESIE along with her husband Plaintiff ALI TAHMOURESIE attended the luau at the Defendants' resort, Grand Hyatt Kauai Resort & Spa.

12.     The luau was held on a grass area on the Defendants' property.  When the luau was done, Plaintiffs proceeded to walk across the grass back to their room on the property.  As Plaintiff ELEANOR M. TAHMOURESIE was walking she tripped and fell on a thin carpet that had been placed on top of a recessed drain in the grass.  The hidden recessed drain under the thin carpet caused the Plaintiff

ELEANOR M. TAHMOURESIE to be thrown forward and fall to the ground,

thereby causing severe and permanent injuries to Plaintiff ELEANOR M.

TAHMOURESIE.

## FIRST CAUSE OF ACTION
(Respondeat Superior)

13.     Plaintiff repeats and reincorporates paragraphs 1 through 12 as though

fully set forth herein.

14.     Defendant KAWAILOA, as the owner of the property where the

incident which is the subject matter of this lawsuit occurred, is liable for the

negligence and/or tortious conduct of its lessee, managers, agents and/or

contractors, and the resulting damages to Plaintiffs, under the doctrine of

*Respondeat Superior.*

15.     Defendant HYATT is liable for the negligence and/or tortious conduct

of its employees, agents and/or contractors, and the resulting damages to Plaintiffs,

under the doctrine of *Respondeat Superior.*

## SECOND CAUSE OF ACTION
(Negligence and Gross Negligence)

16.     Plaintiff repeats and reincorporates paragraphs 1 through 15 as though

fully set forth herein.

17.    At all times material to this complaint, the Grand Hyatt Kauai Resort & Spa premises was owned and operated by Defendant KAWAILOA and franchised, operated, marketed and/or managed by Defendant HYATT.  As the owner, operator, occupier, franchisor, manager, and/or marketer of such, Defendant KAWAILOA and Defendant HYATT maintained continuous control over the hotel premises.

18.    At all times material to this Complaint, Defendants were under a legal duty to maintain the Grand Hyatt Kauai Resort & Spa and repair, correct, and/or provide adequate warnings for any unreasonably dangerous and/or unsafe condition on their property so as to make it safe for, and prevent injuries to, invitees on the property.

19.    At all times material to this Complaint, Defendants and/or their agents and/or servants had a legal duty to provide a safe ingress and egress on and to their premises for their patrons and invites to their luau.

20.    At all times material to this Complaint, the Grand Hyatt Kauai Resort & Spa premises had a recessed drain in the grass which was an unreasonably dangerous and/or unsafe condition for pedestrians, patrons and/or invitees to the premises.

21.     Defendants and/or their managers, agents, employees, contractors and/or servants placed a thin carpet over the recessed drain in the grass.  Therefore, Defendants and/or their managers, agents, employees, contractors and/or servants had actual knowledge that an unreasonably dangerous and unsafe recessed drain was present on the grounds where the Luau was held, but thereafter took no corrective measures and/or actions to repair, eliminate and/or provide adequate warnings for any dangerous conditions so as to make it reasonably safe for invitees, guests or patrons.  In fact, Defendants created a hidden danger that could not be appreciated by the Plaintiff as she was walking.

22.     At all times material to this Complaint, Defendants by and through their managers, agents, employees, contractors and/or servants were negligent, grossly negligent and/or reckless for its failure to exercise ordinary care to correct and/or eliminate an unreasonable risk of harm present on the property, and/or by failing to place barriers, warning signs, bright paint and/or other measures designed to eliminate the risk of harm created by the dangerous recessed drain in the grass.

23.     At all times material to this complaint, Defendants by and through their managers, agents, employees, contractors and/or servants were negligent, grossly negligent and/or reckless when they placed a thin carpet over a recessed

drain in the grass thereby creating a hidden danger to pedestrians in the property.

24.     Defendants by and through their managers, agents, employees, contractors and/or servants acted with a heedless, reckless, and/or negligent disregard of the rights of Plaintiff ELEANOR M. TAHMOURESIE along with her husband Plaintiff ALI TAHMOURESIE and other pedestrians, and were singly and collectively the proximate and legal cause of the occurrence in question and the resulting injuries and damages to Plaintiff ELEANOR M. TAHMOURESIE and her husband Plaintiff ALI TAHMOURESIE.

## DAMAGES

25.     Plaintiff repeats and reincorporates paragraphs 1 through 24 as though fully set forth herein.

26.     As a direct, proximate, and legal result of the negligence, gross negligence, careless and/or reckless conduct, actions, and omissions of Defendants by and through their managers, agents, employees, contractors and/or servants, Plaintiff ELEANOR M. TAHMOURESIE suffered and continues to suffer severe and permanent physical injuries and disabilities, pain, suffering, serious emotional distress, mental anxiety and a loss of enjoyment of life as are compensable under Hawaii law and *Hawaii Revised Statutes* §§ 663-8.3 and 663-8.5.

27.     As a further direct, proximate, and legal result of the negligence, gross negligence, careless and/or reckless conduct, actions, and omissions of Defendants by and through their managers, agents, employees, contractors and/or servants, Plaintiff ELEANOR M. TAHMOURESIE has incurred and will continue to incur loss of wages and/or a reduced earnings capacity.

28.     As a further direct, proximate, and legal result of the negligence, gross negligence, careless and/or reckless conduct, actions, and/or omissions of Defendants by and through their managers, agents, employees, contractors and/or servants, Plaintiff ELEANOR M. TAHMOURESIE has incurred and will continue to incur significant medical expenses and other expenses.

29.     As a further direct, proximate, and legal result of the negligence, gross negligence, careless and/or reckless conduct, actions, and/or omissions of Defendants by and through their managers, agents, employees, contractors and/or servants, Plaintiff ALI TAHMOURESIE has lost love, affection, security, companionship, comfort, consortium and support of his wife Plaintiff ELEANOR M. TAHMOURESIE.

30.     As a further direct, proximate, and legal result of the negligence, gross negligence, careless and/or reckless conduct, actions, and/or omissions of

Defendants by and through their managers, agents, employees, contractors and/or servants, Plaintiffs ELEANOR M. TAHMOURESIE and ALI TAHMOURESIE suffered, and will continue to suffer in the future, other general and special damages to be shown.

WHEREFORE, Plaintiffs ELEANOR M. TAHMOURESIE and ALI TAHMOURESIE pray that judgment be entered in their favor against Defendant HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA, KAWAILOA DEVELOPMENT LLP and DOE DEFENDANTS 1-20 as follows:

1. General and Special damages in amounts as will be proved at trial;

2. Prejudgment interest from the date of the incident;

3. Post-judgment interest;

4. Attorney fees and costs of suit; and

5. Other further relief as this Court deems just and proper.

DATED: Honolulu, Hawaii, _August 11_, 2014.

Richard Turbin
Rai Saint Chu
Janice D. Heidt
Attorneys for Plaintiffs